Vanegas-Moreno v. Garland

BIA
Sponzo, IJ
A206 775 978

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand twenty-four.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> *Circuit Judges.*

_____

CECILIA GUADALUPE VANEGAS-MORENO,
> *Petitioner*,

v.

No. 21-6486
NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent*.*

_____

_____

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**FOR PETITIONER:**  H. Esteban Figueroa-Brusi, New York, NY.

**FOR RESPONDENT:**  Brian M. Boynton, Principal Deputy Assistant Attorney General; Shelley R. Goad, Assistant Director; Kristen A. Giuffreda, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Cecilia Guadalupe Vanegas-Moreno, a native and citizen of El Salvador, seeks review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") that denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Cecilia Guadalupe Venegas-Moreno*, No. A206 775 978 (B.I.A. Aug. 9, 2021), *aff'g* No. A206 775 978 (Immigr. Ct. N.Y.C. July 1, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as supplemented and modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings to determine whether they are supported by substantial evidence and review the

2

agency's conclusions of law *de novo*.  *See Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010).  "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

Vanegas-Moreno advances various arguments as to how the agency erred in denying her claims for relief from removal, which were rooted in her contention that a gang extorted members of her family and threatened to kill them if they did not pay.  We reject each of her arguments for the reasons set forth below.

I.      **Asylum and Withholding of Removal**[1]

In affirming the IJ's denial of Vanegas-Moreno's asylum and withholding of removal claims, the BIA relied solely on the IJ's determination that she failed to establish a nexus to a protected ground.  We therefore limit our review to that determination.  *See Xue Hong Yang*, 426 F.3d at 522.  To qualify for asylum and withholding of removal, an applicant must establish "a sufficiently strong nexus" between suffered or feared harm and a protected ground of race, religion, nationality, membership in a particular social group, or political opinion.  *Castro*

---

[1] Although Vanegas-Moreno's appellate brief mentions her CAT claim and asserts that "the agency's CAT reasoning . . . [was] insufficient," Pet. Br. at 35; *see also id.* at 3, we conclude that she abandoned this claim by failing to advance any meaningful challenge to the agency's CAT decision on appeal, *see Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

3

*v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010); *see also* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). That is, the applicant must show that a protected ground was or will be "at least one central reason for" the claimed persecution. 8 U.S.C. § 1158(b)(1)(B)(i); *Quituizaca v. Garland,* 52 F.4th 103, 114 (2d Cir. 2022) (deferring to BIA's application of "one central reason" standard to withholding of removal claims); *see also Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (explaining that relief "may be granted where there is more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground" (internal quotation marks omitted)). To make this showing, an applicant "must provide *some* evidence of [a persecutor's motives], direct or circumstantial." *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483 (1992).

Here, substantial evidence supports the agency's determination that Vanegas-Moreno failed to demonstrate that the harms she suffered (or fears she would suffer) were on account of a family-based social group.[2] *See Gjolaj v. Bureau of Citizenship & Immigr. Servs.*, 468 F.3d 140, 143 (2d Cir. 2006) (applying substantial evidence standard to nexus determination); *Edimo-Doualla v. Gonzales*,

---

[2] Vanegas-Moreno has abandoned her claim that she was targeted as part of the social group of "young Salvadoran women bereft of protection from gangs" by failing to include any arguments regarding this group in her appellate brief. Certified Admin. Record at 3 (internal quotation marks omitted); *see also Yueqing Zhang*, 426 F.3d at 545 n.7.

4

464 F.3d 276, 282–83 (2d Cir. 2006) (same). Indeed, she provided no evidence that gang members extorted or threatened her relatives because they were motivated by animosity towards her family. *See Elias-Zacarias*, 502 U.S. at 483. To the contrary, when the IJ asked why the gang "want[ed] to harm [he]r grandparents," Vanegas-Moreno replied, "[t]hey requested money from them." Certified Admin. Record at 166. She further testified that her grandparents had not encountered any difficulties after making one payment to the gang in 2013, despite continuing to reside in the same house in El Salvador. It is well-established that harm stemming from "general crime conditions" does not constitute persecution on account of a protected ground. *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 202 (2d Cir. 2021) (internal quotation marks omitted); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73–74 (2d Cir. 2007) (upholding denial of social-group claim where purported persecutors were motivated by increasing their own wealth). On this record, the agency did not err in finding that these gang members were motivated by the criminal purpose of extorting certain of Vanegas-Moreno's family members for monetary gain, and that Vanegas-Moreno otherwise failed to establish a nexus between the alleged harm and her family membership.

## II. Due Process

Vanegas-Moreno additionally argues that the BIA failed to accord her due

process because it affirmed the IJ's decision in a single-member decision – rather than in a three-member panel decision – and the BIA member who issued the decision is biased against female Central American immigrants. But there is no question that a single member of the BIA may issue an order "affirming, modifying, or remanding" an IJ's decision, 8 C.F.R. § 1003.1(e)(5), and "we lack jurisdiction to review a claim that a single BIA member erred in deciding to resolve unilaterally an appeal of an IJ's order and not to refer the case to a three-member BIA panel," *Kambolli v. Gonzales*, 449 F.3d 454, 465 (2d Cir. 2006). As to Vanegas-Moreno's claim of bias, her only evidence of this purported bias is the BIA's unfavorable decision in her case, which, without more, is insufficient.[3] *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (noting that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). And she has not otherwise made any showing that she "was denied a full and fair opportunity to present her claims" or that the agency "deprived her of fundamental fairness" as

---

[3] To the extent that Vanegas-Moreno now bases her bias claims on statistics regarding the BIA member's denial rate and characterizations of the BIA member's behavior in other cases, Vanegas-Moreno did not present such evidence or arguments before the agency. *See* 8 U.S.C. § 1252(b)(4)(A) (providing that "the court of appeals shall decide the petition only on the administrative record on which the order of removal is based"); *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269 (2d Cir. 2007) (explaining that "the agency regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence"). In any event, that evidence does not establish that the BIA member exhibited any bias in the handling of her case.

is required to establish a due process violation.  *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted).

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court